UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X

IN RE OSCAR HEALTH, INC. DATA BREACH LITIGATION : 26 Civ. 2861 (JPC)

ORDER

---------------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

The Court has reviewed the parties' submissions regarding Defendants' request for a stay of discovery pending the Court's resolution of their motion to dismiss. Dkts. 36 (Defendants' initial letter), 37 ("Defts. Am. Ltr."), 38 ("Pls. Ltr."). For the following reasons, the request is granted.

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the [d]efendant[] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y. 2024) (internal quotation marks omitted). "The burden is on the movant to establish that a stay is warranted." *Nike, Inc. v. Lululemon USA Inc.*, No. 22 Civ. 82 (RA), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (internal quotation marks omitted).

As to the first prong, while the Court takes no position on how it will ultimately rule on Defendants' motion to dismiss, *see* Dkts. 33-35, Defendants appear to raise colorable, threshold challenges to this Court's subject-matter jurisdiction on standing grounds which, if successful,

would warrant dismissal of the Complaint. *See Sharma v. Open Door NY Home Care Servs., Inc.*, No. 24 Civ. 497 (DG) (JAM), 2024 WL 1269069, at *3 (E.D.N.Y. Mar. 26, 2024) ("Without taking any position on how the Court will ultimately rule, it appears that Defendant's arguments set forth in their . . . Fed. R. Civ. P. 12(b)(1) motion are colorable and raise threshold challenges to the Court's subject-matter jurisdiction." (alteration and internal quotation marks omitted)); *see Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("Although the Court will not predict the outcome of Defendant's motion, an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on [the motion] may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant.").

The Court is also persuaded by Defendants' argument that the breadth of discovery counsels in favor of a stay. "Normal discovery in a limited matter does not alone rise to the level of good cause," *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016), so a party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex. Defendants contend that discovery will be particularly broad in this case because the action "involves a nationwide putative class" and will involve the discovery of "electronically stored information, related to class, merits, and expert discovery against two separate entities, Oscar Health, Inc. and Oscar Management Corp." Defts. Am. Ltr. at 2. Even if, for instance, the motion to dismiss is granted as to one Defendant, the scope of discovery would be meaningfully narrowed and made less burdensome on Defendants. *See id.* (arguing that the "Complaint provides no basis whatsoever for the involvement of Oscar Health, Inc.").

Finally, any risk of unfair prejudice does not outweigh the other factors that counsel in favor of granting a stay. On the one hand, Plaintiffs contend that the parties have already formed a discovery plan; that Plaintiffs are preparing to serve their discovery requests; and that Plaintiffs

have an interest in "preserving the memories of their witnesses." Pls. Ltr. at 3. On the other hand, Defendants observe that no discovery has occurred except for the exchange of initial disclosures; that there is "no risk" that information will be unavailable if a stay is granted; and that the "passage of time alone" is insufficient to preclude a stay. Defts. Am. Ltr. at 3. Taken together, the Court concludes that a stay of discovery would not cause prejudice to Plaintiffs that rises to the level of unfair prejudice. *See Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.").

The Court thus grants Defendants' letter-motion for a stay of discovery pending resolution of the motion to dismiss. The Clerk of Court is respectfully directed to close Docket Numbers 36 and 37.

SO ORDERED.

Dated: September 23, 2026
New York, New York

JOHN P. CRONAN
United States District Judge